IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONGS OF UNIVERSAL, INC.; BENNY BIRD COMPANY, INC.; ARC MUSIC CORP.; EMI BLACKWOOD MUSIC INC.; TOKECO TUNES; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; STILL WORKING FOR THE MAN MUSIC, INC.; TURN ME ON MUSIC; SHOWBILLY MUSIC; BUZZARD ROCK MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; SONGS FROM THE ENGINE ROOM; WARNER/CHAPPELL MUSIC INC. d/b/a SOUTHSIDE INDEPENDENT MUSIC PUBLISHING; KICKIN GRIDS MUSIC; COMBUSTION III LLC d/b/a INTERNAL COMBUSTION MUSIC; SONGS OF THE CORN; AGAINST THE WIND PUBLISHING, *Plaintiffs*, v. 'CAFE' CABANA AND SHOVELHEAD SALOON, LLC a/k/a CAFÉ CABANA AND SHOVELHEAD SALOON, LLC d/b/a CAFÉ CABANA SHOVELHEAD SALOON; and MORRIS DEAN TROSPER, II; and LIA MARIE TROSPER, each individually, *Defendants*. | No. 18-cv-2100 |

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3.       Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 13 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.       The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Rules 17(a) and 19(a) of the Federal Rules of Civil Procedure.

5.       Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.       Plaintiff Benny Bird Company, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.       Plaintiff Arc Music Corp. is a limited liability company d/b/a Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.       Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.       Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.      Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Working For The Man is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Turn Me On Music is a sole proprietorship owned by Terry A. McBride. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Showbilly Music is a sole proprietorship owned by Ronnie Gene Dunn. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Buzzard Rock Music is a sole proprietorship owned by Warren Dale Haynes. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Songs From The Engine Room is a sole proprietorship owned by Thomas Troy Verges. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Warner/Chapell Music Inc. is a corporation doing business as Southside Independent Music Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Kickin Grids Music is a sole proprietorship owned by Eric Blair Daly. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff Combustion III LLC is a limited liability company doing business as Internal Combustion Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Plaintiff Songs Of The Corn is a sole proprietorship owned by Brett James Cornelius. This Plaintiff is a copyright owner of at least one of the songs in this matter.

21. Plaintiff Against The Wind Publishing is a sole proprietorship owned by Kipling Christian Moore. This Plaintiff is a copyright owner of at least one of the songs in this matter.

22. Defendant 'Cafe' Cabana and Shovelhead Saloon, LLC a/k/a Café Cabana and Shovelhead Saloon, LLC ("Café Cabana") is a limited liability company organized and existing under the laws of the State of Illinois.

23. Defendant Café Cabana operates, maintains and controls an establishment known as Café Cabana and Shovelhead Saloon located at 12 S. College Street, Danville, IL 61832 ("the Establishment") in this district.

24. In connection with the operation of the Establishment, Defendant Café Cabana publicly performs musical compositions and/or causes musical compositions to be publicly performed.

25. Defendant Café Cabana has a direct financial interest in the Establishment.

26. Defendant Morris Dean Trosper II is an owner of Café Cabana with responsibility for the operation and management of that corporation and the Establishment.

27. Defendant Morris Dean Trosper II has the right and ability to supervise the activities of Defendant Café Cabana and has a direct financial interest in that corporation and the Establishment.

28. Upon information and belief, Defendant Morris Dean Trosper II resides in this district at 15066 Catlin Tilton Rd., Danville, IL 61834.

29. Defendant Lia Marie Trosper is an owner of Café Cabana with responsibility for the operation and management of that corporation and the Establishment.

30.     Defendant Lia Marie Trosper has the right and ability to supervise the activities of Defendant Café Cabana and has a direct financial interest in that corporation and the Establishment.

31.     Upon information and belief, Defendant Lia Marie Trosper resides in this district at 15066 Catlin Tilton Rd., Danville, IL 61834.

### CLAIMS OF COPYRIGHT INFRINGEMENT

32.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 31.

33.     Since April 2016, BMI has reached out to Defendants over 80 times by phone and mail, to inform Defendants of their obligations under the Copyright Act to obtain a license for the public performance of musical compositions in the BMI repertoire. The letters included Cease and Desist Notices informing Defendants that they must immediately cease all use of musical compositions from the BMI Repertoire at the Establishment.

34.     Plaintiffs allege seven claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

35.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 provides the claim

number; Line 2 lists the title of the musical composition related to that claim; Line 3 identifies the writer(s) of the musical composition; Line 4 identifies the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 provides the date on which the copyright registration was issued for the musical composition; Line 6 indicates the copyright registration number(s) for the musical composition; Line 7 shows the date(s) of infringement; and Line 8 identifies the Establishment where the infringement occurred.

36. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

37. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

38. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

39. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

40. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and

incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)    Defendants be ordered to pay actual or statutory damages, pursuant to 17 U.S.C. § 504(a)–(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

Dated:  April 6, 2018                                   Respectfully submitted,


                                                        */s/  Charles A. Laff*
                                                        Charles A. Laff (1558153)
                                                        Gilberto E. Espinoza (6277437) (Admission Pending)
                                                        MICHAEL BEST & FRIEDRICH LLP
                                                        444 West Lake Street, Suite 3200
                                                        Chicago, Illinois  60606
                                                        T: 312.222.0800; F: 312.222.0818
                                                        calaff@michaelbest.com
                                                        geespinoza@michaelbest.com

                                                        *Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | American Pie |
| Line 3 | Writer(s) | Don McLean |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Benny Bird Company, Inc. |
| Line 5 | Date(s) of Registration | 10/7/71    2/7/72 |
| Line 6 | Registration No(s). | Eu 284299    Ep 295357 |
| Line 7 | Date(s) of Infringement | 2/16/18 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Walking By Myself |
| Line 3 | Writer(s) | J.A. Lane a/k/a James Lane a/k/a Jimmy Rogers |
| Line 4 | Publisher Plaintiff(s) | Arc Music Corp. |
| Line 5 | Date(s) of Registration | 2/15/85    2/5/57 |
| Line 6 | Registration No(s). | RE 239-697    Eu 465175 |
| Line 7 | Date(s) of Infringement | 12/2/17 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Queen Of My Double Wide Trailer |
| Line 3 | Writer(s) | Dennis Linde |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc. |
| Line 5 | Date(s) of Registration | 9/11/95 |
| Line 6 | Registration No(s). | PA 746-085 |
| Line 7 | Date(s) of Infringement | 2/16/18 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Should've Been A Cowboy |
| Line 3 | Writer(s) | Toby Keith |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel d/b/a Tokeco Tunes; Universal-Songs Of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 3/15/93 |
| Line 6 | Registration No(s). | PA 606-001 |
| Line 7 | Date(s) of Infringement | 2/16/18 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Play Something Country |
| Line 3 | Writer(s) | Terry McBride; Ronnie Dunn |
| Line 4 | Publisher Plaintiff(s) | Still Working For The Man Music, Inc.; Terry A. McBride, an individual d/b/a Turn Me On Music; Ronnie Gene Dunn, an individual d/b/a Showbilly Music |
| Line 5 | Date(s) of Registration | 11/4/05 |
| Line 6 | Registration No(s). | PA 1-301-853 |
| Line 7 | Date(s) of Infringement | 2/16/18 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Soul Shine |
| Line 3 | Writer(s) | Warren Haynes |
| Line 4 | Publisher Plaintiff(s) | Warren Dale Haynes, an individual d/b/a Buzzard Rock Music; Songs of Universal, Inc. |
| Line 5 | Date(s) of Registration | 10/1/93 |
| Line 6 | Registration No(s). | PA 669-243 |
| Line 7 | Date(s) of Infringement | 12/2/17 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Beer Money |
| Line 3 | Writer(s) | Blair Daly a/k/a Eric Blair Daly; Kip Moore a/k/a Kip Christian Moore; Troy Verges |
| Line 4 | Publisher Plaintiff(s) | Songs Of Universal Inc.; Warner-Tamerlane Publishing Corp.; Thomas Troy Verges, an individual d/b/a Songs From The Engine Room; Warner/Chappell Music Inc. d/b/a Southside Independent Music Publishing; Eric Blair Daly, an individual d/b/a Kickin Grids Music; Combustion III LLC d/b/a Internal Combustion Music; Brett James Cornelius, an individual d/b/a Songs Of The Corn; Kipling Christian Moore, an individual d/b/a Against The Wind Publishing |
| Line 5 | Date(s) of Registration | 7/30/12    6/14/13 |
| Line 6 | Registration No(s). | PA 1-811-690    PA 1-851-520 |
| Line 7 | Date(s) of Infringement | 2/16/18 |
| Line 8 | Place of Infringement | Cafe Cabana and Shovelhead Saloon |